UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRIAN TOUROO,
and
DEBRA SUE TOUROO,

               Debtors.
_____/

Case No. 13-47946

Chapter 13

Judge Thomas J. Tucker

**ORDER DISAPPROVING PLAN MODIFICATION, AND DISMISSING CASE**

    On September 28, 2018, after holding a hearing on September 27, 2018 that was attended by counsel for the Debtors and by counsel for the Chapter 13 Trustee, the Court entered an order entitled "Order Conditionally Granting Trustee's Motion to Dismiss" (Docket # 92, the "September 28 Order"), which provided, in relevant part:

> 2. No later than October 11, 2018, the Debtors may file a motion for hardship discharge under 11 U.S.C. § 1328(b) or a proposed plan modification seeking to excuse the Debtors' failure to make all payments to the Trustee required by the confirmed plan in this case, before expiration of the plan that occurred on or before August 7, 2018.
>
> 3. If the Debtors do not file either of the items described in paragraph 2 above by the deadline stated, the Court will enter an order dismissing this case, without further notice or hearing.

    The Debtors did not file a motion for hardship discharge.

    The Debtors did file a proposed plan modification, on October 8, 2018 (Docket # 93), but that plan modification does not meet the requirements of the September 28 Order, because it does not seek "to excuse the Debtors' failure to make all payments to the Trustee required by the confirmed plan in this case, before expiration of the plan that occurred on August 7, 2018." The proposed modification is inconsistent with the ruling the Court made on the Trustee's motion to dismiss, during the hearing held on September 27, 2018 and in the September 28 Order.

    Among other things, the proposed modification proposes to retroactively change the plan payment terms, and retroactively change the first date on which a payment was due under the confirmed plan, to August 31, 2013. But as the Court ruled during the September 27 hearing, the first payment in fact was due under the confirmed plan no later than August 7, 2013, and that means that the five year period described in 11 U.S.C. § 1329(c) expired no later than August 7,

2018. And, as the Court ruled, the Debtors admittedly did not make all the payments required by their confirmed plan until *after* August 7, 2018. These are historical facts that cannot be changed retroactively by a plan modification now. To rule otherwise would itself violate § 1329(c). Nor did Debtor's counsel argue otherwise during the September 27 hearing.

It is unclear to the Court why the Debtors chose to file the plan modification that they did, rather than filing a plan modification that simply proposed to excuse missed plan payments, of the type described in paragraph 2 of the September 28 Order. But given the choice the Debtors have made, and under the Court's September 27 ruling and the September 28 Order, this case must be dismissed.

IT IS ORDERED that:

1. The Debtors' proposed plan modification filed October 8, 2018 (Docket # 93) is disapproved.

2. This bankruptcy case is dismissed.

**Signed on October 12, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**