UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRIAN TOUROO,
and
DEBRA SUE TOUROO,

                Debtors.
_____/

Case No. 13-47946

Chapter 13

Judge Thomas J. Tucker

**ORDER FOLLOWING REMAND FROM THE UNITED STATES DISTRICT COURT,
GRANTING CERTAIN RELIEF FOR THE DEBTORS,
AND CANCELLING THE AUGUST 1, 2019 HEARING**

      On October 12, 2018, this Court entered an order disapproving a plan modification proposed by the Debtors, and dismissing this case. (Docket # 97). The Debtors appealed that order, and on June 25, 2019, the United States District Court entered an Opinion and Order in its case no. 18-13366, reversing this Court's October 12, 2018 Order, and remanding the case to this Court for further consideration.[1] Consistent with the district court's mandate, this Court entered an Order on June 27, 2019 establishing further proceedings following remand. (Docket # 125, the "June 27 Order").

      Consistent with the June 27 Order, the Debtors filed a brief on July 10, 2019 (Docket # 130) and the Chapter 13 Trustee filed a response to the Debtors' brief on July 25, 2019 (Docket # 133). There is currently a hearing scheduled for August 1, 2019 at 2:00 p.m.

      The Court has reviewed the briefs filed by the parties, and now concludes that a hearing is not necessary. Under the district court's mandate, this Court has discretion to allow the Debtors to cure their default in plan payments, by means of the post-expiration payments the Debtors made on or about August 27, 2018. As instructed by the district court, this Court has considered the five numbered factors set forth in the case of *In re Klaas*, 858 F.3d 820, 832 (3rd Cir. 2017). Those "non-exhaustive" factors are:

> (1) whether the debtor substantially complied with the plan, including the debtor's diligence in making prior payments; (2) the feasibility of completing the plan if permitted, including the length of time needed and amount of arrearage due; (3) whether allowing a cure would prejudice any creditors; (4) whether the debtor's

---

[1] A copy of the district court's Opinion and Order is on file in this case at Docket # 124. The Chapter 13 Trustee has not appealed the district court's decision to the United States Court of Appeals for the Sixth Circuit.

> conduct is excusable or culpable, taking into account the cause of the shortfall and the timeliness of notice to the debtor; and (5) the availability and relative equities of other remedies, including conversion and hardship discharge.

*Id.*

The Debtors argue that all five of these factors favor allowing the Debtors' cure in this case. The Chapter 13 Trustee agrees, as to four of the five *Klaas* factors. The Chapter 13 Trustee disagrees only about factor number 4, arguing that such factor is not satisfied by the Debtors here. That factor is "whether the debtor's conduct is excusable or culpable, taking into account the cause of the shortfall and the timeliness of notice to the debtor." *Id.*

The Court agrees that *Klaas* factors number 1-3 and 5 all favor allowing the Debtors' cure in this case, for the reasons argued by the Debtors (and not disputed by the Trustee). As to factor number 4, the Court cannot make a definitive finding, on the present record, whether the Debtors' conduct is "excusable or culpable." This is because the Court cannot determine, on this record, *why* the Debtors failed to pay to the Trustee the amount of their 2017 tax refund until some 20 days after the expiration of the confirmed plan on August 7, 2018. Thus, on the present record, the Court cannot determine whether *Klaas* factor number 4 favors the Debtors' position or not.

Nonetheless, the Court finds that it is sufficiently informed with respect to all other relevant factors that the Court can now decide, on the present record, to exercise its discretion to allow the Debtors' post-expiration cure of their plan payment default. This is because *Klaas* factors 1-3 and 5 so strongly favor allowing the Debtors' cure in this case. And the Debtors' plan payment default here was relatively minor, was cured within a relatively short time after expiration of the confirmed plan, and prejudiced no one in any significant way. The Court finds, on balance, that it should exercise its discretion in favor of allowing the Debtors' post-expiration cure. So the Court will allow the cure in this case.

Given this, the Debtors must be deemed to have made all their required payments under their confirmed plan, as last modified. It follows that the Court should, and now will, order as follows.

IT IS ORDERED that, consistent with the appellate mandate of the district court,

1. The Debtors are deemed to have cured their default under the confirmed plan as last modified, which cure this Court, in its discretion, now allows.

2. The Chapter 13 Trustee's motion to dismiss this case (Docket # 85) is denied.

3. The Debtor's latest proposed plan modification (Docket # 93) is disapproved, as moot, and as

requested by the Debtors in their July 10, 2019 brief (Docket # 130 at 2, 7).

4.  The Chapter 13 Trustee may, and must, disburse the funds that she has on hand in this case, under the terms of the confirmed plan as last modified, including funds that the Trustee received from the Debtors after August 7, 2018.

5.  No later than August 2, 2019, the Chapter 13 Trustee must file and serve a notice of completion of plan payments under L.B.R. 2015-5 (E.D. Mich.).

6.  The hearing scheduled for August 1, 2019 at 2:00 p.m. is cancelled, as no longer necessary.

**Signed on July 26, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**